RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1719-MR

EARNEST BRADLEY HALL, JR.                                      APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.           HONORABLE JOHNNY RAY HARRIS, JUDGE
ACTION NO. 13-CR-00147

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Earnest Bradley Hall, Jr., appeals from an order of the Floyd

Circuit Court denying his motion to return personal property seized upon his arrest.

For the reasons stated herein, we vacate and remand.

Hall was arrested on or about July 13, 2013, in Floyd County,

Kentucky, after a law enforcement officer approached Hall's vehicle and witnessed

Hall engaged in oral sex with a juvenile. Upon Hall's arrest, various items of

personal property were seized. Hall was indicted on September 18, 2013, under Kentucky Revised Statute (KRS) 510.155, unlawful use of electronic means originating or received within the Commonwealth to induce a minor to engage in sexual or other prohibited activities. On February 19, 2014, the Commonwealth motioned the circuit court to dismiss the indictment because Hall had been indicted in federal court "for the conduct that resulted in the Floyd County indictment." The circuit court granted the motion and the indictment against Hall was dismissed by order entered the following day.

On June 30, 2017, more than three years after the indictment was dismissed, the Commonwealth filed a motion in the circuit court pursuant to KRS 500.090 for forfeiture and destruction of twenty-three items of personal property seized upon Hall's arrest. The Commonwealth cited KRS 218A.410, which refers to property subject to forfeiture following a conviction for certain offenses in KRS Chapter 218A related to controlled substances. The matter came before the circuit court for a hearing on July 6, 2017. Only the Commonwealth was present. After reviewing the motion, the court stated on the record, "Well, we are not going to destruct anything because we probably don't have it. So, that is moot." However, an order was never entered denying the Commonwealth's motion.

On August 29, 2019, Hall, *pro se*, filed a motion from federal prison for the return of his personal property seized upon his arrest. Hall included a list of

twenty-nine items of personal property he sought returned.[1]  The matter came before the circuit court on October 31, 2019.  Hall was not present.  The Commonwealth advised the circuit court that the property Hall sought had already been forfeited.  The circuit court entered an order on November 4, 2019, that simply overruled the motion.  The circuit court entered a second order on November 12, 2019, that also overruled the motion, but indicated the court had been "advised that said property has been forfeited."

Hall subsequently filed a motion for appointment of counsel and a notice of appeal.  The motion came before the circuit court on December 5, 2019.  Only the Commonwealth was present and informed the circuit court, "You could appoint a million counsels and there's nothing I could do because the property has been forfeited."  The circuit court overruled Hall's motion, but a written order does not appear in the court record.  This appeal follows.

In forfeiture proceedings, the circuit court's factual findings are reviewed on appeal for clear error, while its rulings of law are reviewed *de novo.  Commonwealth v. Coffey*, 247 S.W.3d 908, 910 (Ky. 2008).

Hall's primary argument on appeal is that his personal property was improperly forfeited because he was neither indicted nor convicted under KRS

---

[1] According to Earnest Bradley Hall, Jr.'s motion, the motor vehicle that was seized had apparently been returned to Hall's mother.

218A.  We agree that Hall was not convicted of any crime in the Floyd Circuit Court; therefore, his personal property was not subject to forfeiture.  However, the disposition of his personal property is unclear from the record before us.  We therefore vacate the circuit court's order denying the return of Hall's property and remand for factual findings regarding the disposition of the personal property.

Hall was indicted under KRS 510.155.  Although we agree KRS Chapter 218A is inapplicable only to the extent Hall was not indicted nor convicted for an offense related to controlled substances, KRS 500.092[2] also allows for forfeiture of personal property provided various criteria are met.  KRS 500.092 provides, in relevant part:

> (1) (a) Notwithstanding KRS 500.090, all personal property which is not used as a permanent residence in this state which is used in connection with or acquired as a result of a violation or attempted violation of any of the statutes set out in subsection (3) of this section shall be subject to forfeiture under the same terms, conditions, and defenses and **using the same process as set out in KRS 218A.405 to 218A.460 for property subject to forfeiture under that chapter**.
>
> > (b) Notwithstanding KRS 500.090, all real and personal property in this state which is used in connection with or acquired as a result of a violation or attempted violation of KRS 531.310 or 531.320 shall be subject to forfeiture under the same terms, conditions, and defenses and using the

---

[2] Kentucky Revised Statutes 500.092 became effective on June 25, 2013, or approximately two and one-half weeks before Hall's arrest in Floyd County.

same process as set out in KRS 218A.405 to 218A.460 for property subject to forfeiture under that chapter.

(2) Administrative regulations promulgated under KRS 218A.420 shall govern expenditures derived from forfeitures under this section to the same extent that they govern expenditures from forfeitures under KRS 218A.405 to 218A.460.

(3) The following offenses may trigger forfeiture of personal property under subsection (1)(a) of this section:

   (a) KRS 17.546;

   (b) KRS 508.140 and 508.150 involving the use of any equipment, instrument, machine, or other device by which communication or information is transmitted, including computers, the Internet or other electronic network, cameras or other recording devices, telephones or other personal communications devices, scanners or other copying devices, and any device that enables the use of a transmitting device;

   (c) **KRS 510.155**[.]

KRS 500.092(1), (2), and (3) (emphasis added).

Turning to KRS Chapter 218A for the proper procedural process, we note KRS 218A.460(2) instructs:

**Following conviction of a defendant** for any violation of this chapter, the court shall conduct an ancillary hearing to forfeit property if requested by any party other

than the defendant or Commonwealth. The Commonwealth's attorney, or county attorney if the proceeding is in District Court, shall initiate the hearing by filing a motion requesting entry of a final order of forfeiture upon proof that the property was being used in violation of the provisions of this chapter. The final order of forfeiture by the court shall perfect in the Commonwealth or appropriate law enforcement agency, as provided in KRS 218A.420, right, title, and interest in and to the property. The Commonwealth may transfer any real property so forfeited by deed of general warranty.

Hall was not convicted of a crime in the Floyd Circuit Court. Therefore, any forfeiture of his personal property, *if* it occurred, was improper. At the various hearings before the circuit court, the Commonwealth insisted Hall's property had already been forfeited; however, the circuit court did not grant the Commonwealth's motion, filed in 2017, to forfeit and destroy the property. Now, before this Court, the Commonwealth acknowledges Hall raises a valid point in his assertion that there is no record of when or if his personal property was forfeited.

Accordingly, the circuit court's finding that Hall's personal property had already been forfeited was clear error. The disposition of Hall's property remains unknown. We therefore vacate the order of the Floyd Circuit Court and remand for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky